IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, FLORENCE, S

2018 MAY -4  AM 10: 30

| | |
|---|---|
| Linda Nichols | ) C/A No. 4:17-01621-RBH-KDW |
| Plaintiff, | ) |
| | ) **Complaint for Damages** |
| V | ) 1. Dental Malpractice |
| Dr. Alena Sabzwari,; Little River Dental Center; and the United States of America, | ) 2. Lack of Informed Consent |
| | ) 3. Dental Battery |
| | 4. Negligent |
| Defendants, | |

May 1, 2018

    COME NOW THE PLAINTIFF, Linda B. Nichols, Pro se, with Complaint for Damages sustained on April 3, 2017 at Little River Medical Center by the hand of Dr. Aleena Sabswari. The Complaint for Damages is after the expiration of six months and after submitting a tort claim SF-95 to the Department of Health and Human Services on September 7, 2017 as pursuant to title 28 U.S.C. 2675.

    1. Little River Dental Center is an entity covered by the Federal Supported Health Centers Assistance Act. Dr. Aleena Sabzwari is/was employed as a dentist at the Little River Dental Center and provided the dental work for the plaintiff on April 3, 2017. Defendant USA represents that Dr. Aleena Sabzwari was employed as a dentist at the Little River Dental Center and is an agent or employee of the USA. Further, defendant USA represents that the Dental Center is an entity covered under 42 U.S.C 233 because it receives grant money from the United States Public Health Services. Defendant USA represents that "the exclusive remedy for negligence claims against a health care center under the Federally Supported Health Center Assistance Act is against the United States of America pursuant to the Federal Tort Act.

    2. Pursuant to U.S.C. 2401(b) (1994) The pertinent provision of the FTCA provides: An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing and sent by certified or registered mail.

3. The Plaintiff presented the claim to the appropriate agency, the Department of Health and Human Services, on a form SF-95 for federal torts claims with all requirements pursuant to title 28 U.S.C. 2675 on September 9, 2017. As of May 1, 2018 the Department of Health and Services has failed to make final disposition. Further, the failure of the Department of Health and Human Services to make final disposition of the claim within six months after it was filed on September 9, 2017 shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim.

4. The plaintiff has followed the statutory exhaustion requirements, whereas a federal district court has subject matter jurisdiction over the claim.

## STATEMENT OF FACTS

5. On April 3, 2017, plaintiff sustained injury as a result of surgery of a tooth that was extracted and broken off at the root during a dental appointment. The defendant examined the cavity in a tooth close to the gum line in lower back right side of the plaintiff's mouth.

6. The defendant took an x-ray that showed infection in the gum around two teeth. The defendant's recommendation and advisement was to extract both teeth. The defendant **misdiagnosed a dental condition.** The defendant recommended **needless extraction of teeth.**

7. The defendant administered an injection of Novocain only in the gum line at the base of the affected tooth. The defendant **wrongly administered pain relief.** The defendant attempted to extract the tooth while the plaintiff experienced severe pain.

8. The defendant preformed a **contraindicated surgical procedure** that was inadvisable.

9. The defendant **failed to obtain informed consent** for, surgery, additional x-rays to determine the location of the root or obtain consent for any necessary requirements or provisions before or after surgery.

10. The **indicated procedure was not performed** by the defendant. The defendant performed unnecessary surgery to the plaintiff's jaw bone to expose the root negligently left in the gum by the defendant.

11. The defendant failed to administer additional pain relief or medication for existing infection before surgery. The defendant failed to explain the risks or consequences of the surgery in an infected area. The defendant failed to extract the root and failed to stitch the lacerations made in the plaintiff's gum and jaw bone in an infected area. The defendant **mistreated the infections**.

12. The defendant failed to continue to administer dental care instructions or follow up. The defendant failed to contact a more experienced dentist for a referral or second opinion. The defendant wrote a referral to a Dentist over 30 miles away. The plaintiff experienced **unwarranted delay in treatment.**

13. The plaintiff contacted the referral dentist. The referral dentist took x-rays of the root, administered an injection of Novocain for pain, and extracted the root. The referring dentist stitched the area left open by the plaintiff after surgery and followed the instructions of the defendant.

14. Under rule 8(a) (2) of the federal Rules of Civil Procedures statements of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of the grounds of dental mal practice, lack of informed consent, dental battery and negligence are the claims upon which they rest are as follows:

## FIRST CAUSE OF ACTION
### Dental Malpractice

15. On April 3, 2017, the plaintiff sought the professional service of the defendant at Little River Medical Center. The defendant negligently failed to exercise the proper degree of knowledge, skill and competence in examining, diagnosing, treating and caring for the plaintiff.

16. The defendant performed unnecessary and invasive dental treatment and surgical services, all of which resulted in persistent numbness to the lower right jaw line of the plaintiff. The unnecessary extraction of healthy teeth and bone caused improper fit and placement of prosthesis requiring total replacement and potential future reconstructive surgeries, all caused by and solely the result of defendant's negligence.

17. As a proximate result of the negligence of defendant, the plaintiff suffered injury to facial nerves, unnecessary loss of healthy fixed teeth, the degradation of healthy supporting bone,

necessitating total replacement of prosthetic appliances and other reconstructive and restorative treatment.

18. As a proximate result of the negligence of defendant, plaintiff has sustained injury to her health and has caused plaintiff psychological injury, nerve pain and suffering. As a result of these injuries, the plaintiff has incurred medical and dental expenses, the exact nature and extent of expenses is currently $20,000.

## SECOND CAUSE OF ACTION
### Lack of Informed Consent

19. The defendant negligently failed to disclose to plaintiff the inherit risks in performing a surgical procedure involving nerves in bone and tissue. Plaintiff suffered and continue to suffer numbness in mouth and chin.

20. Plaintiff consented to the extraction of both healthy teeth because of the recommendation of the defendant, but plaintiff did not consent to an unnecessary surgical procedure that resulted in a surgery into healthy bone and tissue. If the plaintiff had been adequately informed of the inherent risks associated with the surgery, the plaintiff would not have consented to the extraction.

21. As a proximate result of the negligence of defendant, the plaintiff suffered injury to nerve tissue, unnecessary loss of healthy fixed teeth, the degradation of healthy supporting bone, necessitating total replacement of prosthetic appliances and other reconstructive and restorative treatment.

22. As a proximate result of the negligence of defendant, plaintiff has sustained injury to her health and has caused plaintiff psychological injury, nerve pain and suffering. As a result of these injuries, the plaintiff has incurred medical and dental expenses, the exact nature and extent of expenses is currently $20,000.

## THIRD CAUSE OF ACTION
### Dental Battery

23. The defendant performed improper and unconventional extraction methods used in extracting the plaintiff's tooth causing the tooth to break off at the root.

24. The defendant performed unnecessary and invasive dental treatment and surgical services, all of which resulted in persistent numbness to the lower right jaw line of the plaintiff. The defendant caused unnecessary extraction of healthy teeth and bone. The defendant performed unnecessary surgery to the plaintiffs jaw bone to expose the root left in the gum.

25. As a further proximate result of the wrongful act of defendant, the plaintiff suffered injury to nerve tissue, unnecessary loss of healthy fixed teeth, the degradation of healthy supporting bone, necessitating total replacement of prosthetic appliances and other reconstructive and restorative treatment.

26. As a proximate result of the wrongful act of defendant, plaintiff has sustained injury to her health and has caused plaintiff psychological, nerve pain and suffering. As a result of these injuries, the plaintiff has incurred medical and dental expenses, the exact nature and extent of expenses is currently $20,000.

## FORTH CAUSE OF ACTION
### Negligence

27. The defendant administered an injection of Novocain in the gum line only at the base of the affected tooth. The defendant **wrongly administered pain relief.**

28. The defendant **failed to obtain informed consent** for surgery. The defendant failed to take additional x-rays to determine the location of the root

29. The defendant failed to continue to administer dental care instructions or follow up after the surgery. The defendant failed to contact a dentist for a referral for an emergency appointment. The defendant caused unwarranted delay in treatment by presenting the plaintiff a referral slip to a dentist over 30 miles away.

30. The defendant failed to administer additional pain relief or medication for existing infection before and after surgery. The defendant **mistreated the infections**.

31. The defendant failed to explain the risks or consequences of the surgery in an infected area.

32. The defendant failed to extract the root and failed to stitch the lacerations made in the plaintiff's gum and jaw bone in an infected area. The defendant preformed a **contraindicated surgical procedure** that was inadvisable.

30. As a proximate result of the negligence of defendant, the plaintiff suffered injury to nerve tissue, unnecessary loss of healthy fixed teeth, the degradation of healthy supporting bone, necessitating total replacement of prosthetic appliances and other reconstructive and restorative treatment.

31. As a proximate result of the negligence of defendant, plaintiff has sustained injury to her health and has caused plaintiff mental, physical and nerve pain and suffering. As a result of these injuries, the plaintiff has incurred medical and dental expenses, the exact nature and extent of expenses is currently $20,000.

WHEREFORE, the defendant pray that the court enter an order awarding the plaintiff $20,000 in damages for total replacement of prosthetic appliances and other reconstructive and restorative treatment, and grant such other further relief as deemed just and proper.

Respectfully submitted,

*Linda B Nichols*

Linda B. Nichols, Pro se
P.O. Box 1674
Little River, South Carolina 29566

May 1, 2018