

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| LINDA NICHOLS, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION 4:18-1863-MGL-KDW | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S NOTICE OF MOTION FOR DEFAULT JUDGMENT,
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Linda Nichols, a self-represented litigant, filed this action against Defendant United States of America (Defendant). Nichols's complaint concerns an April 3, 2017, dental appointment she had with Dr. Alena Sabzwari, who was employed by the Little River Dental Center, an entity receiving federal funds. The Court has jurisdiction over the matter under the Federal Tort Claims Act, 28 U.S.C. §§ 1314(b) and 2671.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Nichols's motion for summary judgment and notice of motion for default judgment be denied; and Defendant's motion to dismiss be granted in part (as to Nichols's First, Third, and Fourth Causes of Action) and denied in part (as to Nichols's Second Cause of Action). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 2, 2019, but neither party filed any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Nichols's motion for summary judgment and notice of motion for default judgment is **DENIED**; and Defendant's motion to dismiss is **GRANTED IN PART** (as to Nichols's First, Third, and Fourth Causes of Action) **AND DENIED IN PART** (as to Nichols's Second Cause of Action). As the Magistrate Judge noted in the Report, "[a] dismissal for failure to comply with S.C. Code 15-36-100 is without prejudice." Report 16 n.2 (citation omitted) (internal quotation marks omitted).

**IT IS SO ORDERED**.

Signed this 24th day of April, 2019, in Columbia, South Carolina.

                                               s/ Mary Geiger Lewis
                                               MARY GEIGER LEWIS
                                               UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the applicable Federal Rules of Appellate Procedure.