

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| LINDA NICHOLS, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 4:18-1863-MGL-KDW |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S SECOND MOTION TO DISMISS,
DISMISSING THIS ACTION WITHOUT PREJUDICE,
DEEMING AS MOOT PLAINTIFF'S MOTION FOR A SUBPOENA,
AND GRANTING PLAINTIFF'S MOTION TO WITHDRAW**

Plaintiff Linda Nichols (Nichols), a self-represented litigant, filed this action against Defendant The United States of America (Defendant) alleging dental malpractice, lack of informed consent (consent), dental battery, and negligence. Nichols's lawsuit arises from an April 3, 2017, dental appointment she had with Dr. Alena Sabzwari, who was employed by the Little River Dental Center, an entity receiving federal funds.

The Court earlier granted Defendant's motion to dismiss all of the causes of action, except the consent claim. The Court has jurisdiction over the lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 1314(b) and 2671.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's second motion to dismiss Nichols's consent claim be granted, this matter be dismissed without prejudice, and Nichol's pending motion for a

subpoena be deemed moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 14, 2019, and on August 21, 2019, Nichols filed a motion to withdraw. Defendant filed a response to Nichols's motion on September 4, 2019, and Nichols filed a reply to Defendant's response on September 16, 2019.

In Nichols's motion to withdraw, she seeks to withdraw a medical battery claim she raised in her response to Defendant's second motion to dismiss. Because "no independent cause of action for medical battery exists in South Carolina[,]" *Linog v. Yampolsky*, 656 S.E.2d 355, 358 (S.C. 2008), the Court will grant this motion.

In this submission, Nichols also makes arguments as to why her lack of informed consent and negligence claims should go forward. Inasmuch as the Magistrate Judge discussed these issues in the Report, the Court will liberally construe these contentions as objections to the Report.

The Court notes it appears Nichols is referring to her consent and negligence claims as the same cause of action. To the extent she is discussing her original negligence claim, however, the Court notes it has already been dismissed. And, if she is seeking to amend her complaint to add another negligence claim, the Court would deny the request as futile.

Before considering Nichols's objections, some background is necessary. As the Court observed above, the Court earlier granted Defendant's first motion to dismiss all of the Nichols's claims, except her consent claim. In allowing the consent cause of action to proceed, the Court stated Nichols argued her consent claim falls within the "common knowledge" exception to the expert-affidavit requirement of S.C. Code Section 15-26-100. Defendant's first motion to dismiss failed to directly address that legal argument, stating instead a document it had attached to the motion established Nichols had given her informed consent. Thereafter, Defendant filed this second motion to dismiss.

The only question before the Court is whether the Nichol's consent claim falls under the exception to the general rule a medical malpractice plaintiff must file an expert affidavit along with the complaint in medical malpractice matters. *See* S.C. Code Ann. § 15-36-100(B). The exception to the general rule states "[t]he contemporaneous filing requirement . . . is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant." S.C. Code Ann. § 15-36-100(C)(2).

In recommending to the Court it grant Defendant's second motion to dismiss, the Magistrate Judge stated that, although Nichols "attempts to place her consent claim into the realm of the "common knowledge exception[,]" . . . [her] allegations . . . require expert testimony to establish the requisite standard of care." Report at 12. The Court agrees.

Turning now to Nichols's objections, she fails to make any specific objections to the Report. Instead, she states her "claim of lack-of-informed consent and negligence lies within the ambit of common knowledge." Objections at 1. "An expert testimony is not required when the subject matter

3

of the allegedly substandard conduct is within the ambit of common knowledge and thus comprehensible to non-medically-trained laypersons." *Id* at 3.

In Nichol's supplement to her complaint, she stated, in relevant part,

> [D]efendant deviated from their duly to provide reasonable care by failing to provide an informed consent discussion. The discussion should have occur in a setting conducive to decision making, giving the plaintiff a chance to ask questions and consider answers. . . . . Duty to disclose is more than a call to speak merely on the pa1ient's request, or merely to answer the patient's questions; it is a duty to volunteer, if necessary, the information the patient needs for intelligent decision.

Supplement to Nichols's Complaint at 2.

But, in a consent claim such as this, "[t]he question is not what, regarding the risks involved, the juror would relate to the patient under the same or similar circumstances, or even what a reasonable man would relate, but what a reasonable medical practitioner would do." *Aiken v. Clary*, 396 S.W.2d 668, 674 (Mo. 1965) (quoted with approval in *Hook v. Rothstein*, 316 S.E.2d 690, 697 (S.C. Ct. App.1984). "[A] reasonable medical practitioner, under some circumstances, would make full disclosure of all risks which had any reasonable likelihood of occurring, but in others the facts and circumstances would dictate a guarded or limited disclosure. In some cases the judgment would be less difficult than in others, but, in any event, it would be a medical judgment." *Id*. at 674-75.

Because Nichol's consent claim requires medical judgment, expert testimony is necessary to demonstrate whether there was a departure from the relevant standard of medical care. Therefore, the Court will overrule Nichol's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Nichols's objections, adopts the Report, and incorporates it herein.

4

Accordingly, it is the judgment of this Court Defendant's second motion to dismiss is **GRANTED**, this matter is **DISMISSED WITHOUT PREJUDICE**, Nichol's pending motion for a subpoena is **DEEMED MOOT**, and her motion to withdraw is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 31st day of October, 2019, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Nichols is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.